UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RGIS, LLC,

  Plaintiff,          CASE NO.: 2:07-CV-10975

vs.               DISTRICT JUDGE PAUL V. GADOLA

                MAGISTRATE. JUDGE STEVEN D. PEPE

A.S.T., INC., and
PHYLE INDUSTRIES, INC.
  A/K/A PHYLE INDUSTRIES INCORPORATED.,

  Defendants.
_____/

**Order Granting Defendant's Motion for Protective Order**

**<u>and for Appointment Of A Master (Dkt. #11)</u>**

On March 6, 2007, Plaintiff, RGIS, LLC, filed a Complaint against Defendants A.S.T. Inc. and Phyle Industries, Inc., alleging copyright infringement under 17 U.S.C. § 101 *et seq*. (Dkt. # 1). Defendants filed a Motion for Protective Order and for Appointment of a Master (Dkt. # 11). Plaintiff filed its response (Dkt. # 13, # 14). This motion was referred for hearing and determination pursuant to 28 U.S.C. 636(b)(1)(A) and (B) (Dkt. # 15).

This case involves allegations that Defendant AST's software for its business inventory product called Titan violates Plaintiff's copyright interests in its business inventory product called AUDIT Download Builder. Following a hearing and supplemental briefing as well as a hearing and recommendation denying Plaintiff's motion for a preliminary injunction, it is determined that a Master be appointed and that Plaintiff's discovery of AST's proprietary source codes by Plaintiff be deferred until the Court has received a report of the Master on whether

1

there are substantial similarities in the source codes for Titan and AUDIT Download Builder and whether the portion of the source code using WinMisc in the Titan EPG source code appears to have been derived from the 1997 WinMisc file or from the WinMisc file adapted for use in AUDIT Download Builder (Dkt. # 33, # 36).

**I.   Background:**

Plaintiff is in the inventory business utilizing hand-held computers to perform its core function. Defendant designs and manufactures hand-held computers and software for use in inventory control which are sold to Plaintiff's competitors. For about 28 years Plaintiff and Defendant maintained a business relationship until such relationship began to break down, and in 2005 the companies made plans to end their business relationship. After AST and RGIS ended their long term relation, Defendant AST developed a new business inventory product called Titan EPG. There is no indication that the two parties had entered into a non-compete agreement or an agreement that AST would not produce and sell products for taking business inventories, which it had done for other customers prior to the 2005 parting of ways. RGIS asserts that AST's new Titan EPG has many "features, configurations and functionality that are substantially similar if not identical to that of Plaintiff's proprietary hardware and software" which Defendant Phyle assigned to Plaintiff (Dkt. # 1, ¶ 15).[1] Defendants AST and Phyle Industries in January 2006 transferred to RGIS the software and copyrights for AUDIT Download Builder.

RGIS alleges that Titan EPG has many features, configurations and functionality similar to those covered by the copyrights which were assigned to Plaintiff. Plaintiff avers that

---

[1] In various places this new AST software product is called "Titan," "Titan EPG," "EPG Script Builder Advanced" but for simplicity AST's new product line software will be referred to as "Titan EPG" throughout this opinion.

Defendant AST utilized copyrighted material owned by Plaintiff in marketing and developing Titan EPG.  It is undisputed that Defendant AST utilized two screen shots from Audit Download Builder, the primary software transferred to Plaintiff.  Defendant AST and its owner and President, Charles Phyle, acknowledge that before Titan EPG software was fully developed, AST's marketing department utilized as promotional material on its website for the Titan product two screen shots from AUDIT Download Builder (Dkt. # 17, p. 4-5, and Phyle Declaration, Exhibit # 2 ).  AST President Phyle states in a declaration that this was done without the knowledge of the principals at AST.  He noted that instead of contacting AST about the use of the RGIS screen shots, RGIS gave AST notice of this transgression by filing this law suit.  Once notice was provided that these screen shots were being used, President Phyle states that AST ceased usage of the image and he assures RGIS "AST will not use the screen shots again" (*Id.* at ¶ 6).  He further states that AST spent over $1 million developing its new Titan inventory product and that its EPG screens are very different from the AUDIT Download Builder screens.

Plaintiff also asserts that in developing AUDIT Download Builder , AST used "WinMisc.c" and "WinMisc.h." (WinMisc) which it claims were assigned to RGIS in January 2006.  AST acknowledges that a 1997 version of WinMisc was adapted and used in developing AUDIT Download Builder, but it contends that this prior version of WinMisc is covered by a separate copyright that was not transferred to RGIS in January 2006.  RGIS was given a perpetual royalty free licence to use and modify WinMisc.

**B.     Master:**

3

Defendant seeks appointment of a master to analyze and compare the source codes of Audit Download Builder and of the allegedly infringing Titan EPG software prior to any discovery by AST of its proprietary source codes used in Titan EPG. (Dkt. # 11, p. 1). Prior to filing this motion, Defendant offered to provide their source code to an expert chosen by Plaintiff for comparison with Plaintiff's version of AUDIT Download Builder (Dkt. # 11, p. 4). RGIS identified and selected Dr. Lee A Hollaar, Professor of Computer Science at the University of Utah, a computer expert, to examine the source codes. While the parties could agree about the utility of such an expert analysis, they could not agree on the terms governing such an inspection. It is not sufficient for Plaintiff merely to allege that Defendant has copied its software. In order for there to be a copyright violation Plaintiff must show that the portion of the software copied was protectible under copyright law. *See Lexmark Int'l. Inc v. Static Control Components, Inc.*, 387 F.3d 522 (6th Cir. 2004). In the present case, such a showing requires analysis and comparison of complex computer software source codes. *See Kohus v. Mariol*, 328 F.3d 848, 857-58 (6th Cir. 2003) (with technical copyright issues, reliance upon an expert is almost a certainty). Plaintiff has provided no technical support for its assertion other than a declaration from its Chief Information Officer, Anthony Baritz. (Dkt. # 22 Exhibit 10). The limits of CIO Baritz's input are discussed in the Report and Recommendation on the preliminary injunction. This input is insufficient to resolve the current dispute between the parties.

*Kohus* adopted a two-step approach for analyzing copyright infringement:

> The first step requires identifying which aspects of the artist's work, if any, are protectible by copyright; the second involves determining whether the allegedly infringing work is "substantially similar" to protectible elements of the artist's work.

*Id.* at 55.

*Kohus* also made clear that when technical material is involved "ordinary observer" test for substantial similarity is insufficient. *Kohus*, 328 F.3d at 856. Instead of always focusing on the general public, *Kohus* determined that the focus should be on the intended audience possessing specialized knowledge – in this case a technical audience comprised of those familiar with reading computer source codes. *Id*. at 857. Such specialized expertise must go beyond matters of aesthetics and taste and focus on a level of "knowledge that the lay public lacks." *Id*. Because the judicial officers involved in this case lack that competence, it is necessary to have the assistance of competent computer expert capable of a factual analysis interpreting and comparing computer source codes.

> Fed. R. Civ. P. 53 allows for the appointment of a master stating that:
>
> > (a) Appointment (1) Unless a statute provides otherwise, a court may appoint a master only to:
> > (A) perform duties consented to by the parties;
> > (B) hold trial proceedings and make or recommend findings of fact on issues to be decided by the court without a jury if appointment is warranted by
> > > (I) some exceptional condition, or
> > > (ii) the need to perform an accounting or resolve a difficult computation of damages; or
> >
> > (C) address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a).

Plaintiff objects to Defendant's request claiming that (1) Rule 53 is inappropriate because Plaintiff does not consent to the appointment of a master, and (2) Defendant, while appealing to Rule 53, has actually sought the appointment of a court appointed expert per Fed. R. Evid. 706.[2][3]

---

[2] Plaintiff inadvertently refers to "Fed. R. Civ. P. 706" instead of Fed. R. Evid. 706.

[3] Fed. R. Evid. 706 provides: (a) Appointment: The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may

5

Plaintiff's objections are without merit. Defendant is correctly seeking a Rule 53 master and not a court-appointed expert witness.

Appointment of a master is not contingent upon consent of the parties. While a master can be appointed to address matters consented to by the parties, it is a misreading of Rule 53 to think that consent always is required before a master can be appointed. *See* Fed. R. Civ. P. 53(a)(1)(A). Rule 53 provides three distinct instances when appointment of a master is appropriate: (1) by consent of the parties, (2) appointments for trial duties, and (3) appointments for pretrial or post-trial duties.[4]

Fed. R. Civ. P. 53(a)(1)(C) provides that a master may be appointed to "address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district." The "court's responsibility to interpret patent claims as a matter of law, for example, may be greatly assisted by appointing a master who has expert knowledge of the field in which the patent operates." Rule 53 Advisory Committee Notes (2003). The same can be said with respect to a master with expert knowledge in reading source codes in a computer software copyright case. Such a master can serve "the purpose of assisting the court to obtain the facts and arrive at a correct result in a complicated litigation before the

---

request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

[4] 26 Fed. Proc., L. Ed. § 60:1129: Fed. R. Civ. P. 53(a)(10(A) "specifically provides for the appointment and use of a master in restricted, limited circumstances, and describes three different standards, relating to appointments."

court." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2601. This is the sort of master sought by Defendants.

This Court clearly has authority to appoint a master to assist with the matter at hand. *See Johnson Controls, Inc. v. Phoenix Control Systems, Inc.*, 886 F.2d 1173, 1176 (9th Cir. 1989) (allowing a special master to examine software in a copyright infringement suit). While use of a master is permitted only for "exceptional conditions" under Fed. R. Civ. P. 53(a)(1)(B)(I), that condition exists here to assist the Court in determining the similarities in the source codes of AUDIT Download Builder and Titan EPG. Without expert assistance this tasks cannot "be addressed effectively and in a timely fashion by an available district judge or magistrate judge of the district." Rule 53 Advisory Committee Notes (2003).

As noted in the Report and Recommendation entered this date, the evidence that Plaintiff initially proffered in support of its contention that there was such an infringement is insufficient to make such a determination. Absent some more reliable evidence of substantial similarity between AUDIT Download Builder and Titan EPG, Defendants should not be required to provide its proprietary source codes to Plaintiff. Use of a neutral Master can be undertaken in a manner preserving the confidentiality of Defendants' source codes until a colorable finding can be made of sufficient similarity that full discovery may be warranted.

For the reasons discussed above, Defendants' Motion for a Protective Order and Master is **GRANTED.** Discovery of Defendants' source codes is stayed pending a review and initial report from the Special Master. To the extent that Professor Lee A Hollaar is available and willing to serve as Master, he will be appointed. Counsel for the parties are to meet and confer on the terms and conditions for Professor Hollaar to serve as Master, including the terms of compensation and the specifics of the comparison and report he is to make. The parties shall

prepare a proposed order regarding these arrangements. If Professor Hollaar is unwilling or unable to serve as Master the parties shall attempt to agree on the name of a surrogate, and if that is not possible, the parties shall each provide the Court with two names and resumes of persons professionally qualified to serve as Master.

The parties may object to and seek review of this Report and Recommendation, but they are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

**SO ORDERED.**


Dated: January 28 , 2008                        s/Steven D. Pepe
Ann Arbor , Michigan                         United States Magistrate Judge


## Certificate of Service

I hereby certify that a copy of this Report and Recommendation was served upon the Plaintiff by U. S. Mail on January 22, 2008.

                                                 s/Alissa Greer
                                                 Courtroom Deputy Clerk
                                                 (734) 741-2298