UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RGIS LLC, a Delaware Limited Liability
Company,

                        CIVIL CASE NO. 07-10975

        Plaintiff,

                        HONORABLE PAUL V. GADOLA

v.                        U.S. DISTRICT COURT

A.S.T. INC., a Michigan corporation and
PHYLE INDUSTRIES, INC., a St. Thomas
(U.S.V.I.) corporation,

        Defendants.
                                     /

## **ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

Now before this Court is Plaintiff RGIS's motion for preliminary injunction [docket entry #12], the associated briefs of both parties, the January 22, 2008 report and recommendation of Magistrate Judge Steven D. Pepe [docket entry #47], as well as Plaintiff's objections and the associated filings. Magistrate Judge Steven D. Pepe recommended that Plaintiff's motion for preliminary injunction be denied.

The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court need not conduct a review by any standard. See *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the Court reviews those portions de novo. *Id.* at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72, that states, in relevant part:

> **Resolving Objections**. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence;

or return the matter to the magistrate judge with instructions.
Fed. R. Civ. P. 72(b)(3). Here, because Plaintiff filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d at 807.

De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie*, 221 F. Supp. 2d at 807. If a Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the report and recommendation. *See id.*; 12 Wright, Federal Practice § 3010.2. Because Plaintiff has filed objections to the magistrate judge's report and recommendation, this Court reviews those portions of the record de novo.

The present action, simplified for the purposes of this order, asserts that Defendants, in the software creation business, developed a program called AUDIT Download Builder. Plaintiff, in the inventory business, used AUDIT Download Builder to operate its business. However, after many years of a successful relationship between the parties, that relationship irreparably eroded. The result was that Defendants sold Plaintiff the rights to the software and Defendants began building a new software platform called Titan EPG. When Titan EPG was at or near completion, Defendants published marketing materials to support Titan's release. Neither party disputes that Titan's

marketing materials erroneously contained two screen shot images of AUDIT Download Builder, software that Defendants no longer owned. Plaintiff seeks a preliminary injunction to prevent Defendants from using these screen shots in any manner. Furthermore, Plaintiff maintains that Defendants' new Titan software contains copyrighted portions of the AUDIT software, now owned by Plaintiff. Accordingly, Plaintiff also requests a preliminary injunction preventing Defendants from selling or marketing the allegedly infringing Titan EPG software system.

Magistrate Judge Pepe reviewed the motion for a preliminary injunction and all relevant briefs, conducted an extensive hearing, and examined supplemental briefing on the issue. The magistrate judge concluded that Plaintiff was not entitled to a preliminary injunction as to the erroneous screen shots used in the Titan EPG marketing materials. Magistrate Pepe found that Defendants immediately admitted to erroneously using the images once it was brought to their attention, because Defendants had withdrawn the erroneous images, and because Defendants vowed not to use the images again, there was no future threatened harm. Magistrate Judge Pepe concluded that because there was no longer any threatened harm, a preliminary injunction should not issue on this claim.

The Court can assign no error to this recommendation. It is well settled that "[a] preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997)(quoted in *Rouse v. Caruso*, 2007 WL 909583 at *6 (E.D. Mich. Mar. 23, 2007)). *See also Gratz v. Bollinger*
539 U.S. 244, 284 (2003)(*citing Adarand Constructors, Inc. v. Peña*, 515 U.S. 200, 210-211 (1995)). In the present case, Defendants have admitted the past error and assured both Plaintiff and

the Court that the error will not occur again. Plaintiff has not presented any evidence that there is any threat of a future harm. Accordingly, the preliminary injunction with respect to this issue is properly denied.

Magistrate Judge Pepe then considered whether an injunction should issue with respect to Defendants' marketing and sale of Titan EPG software. Magistrate Judge Pepe recommended that there was insufficient evidence to support a finding that Plaintiff had a reasonable likelihood of success on the merits of the copyright claim and therefore, the preliminary injunction should not be issued.

Magistrate Judge Pepe concluded that a document entitled "Agreement for Substantial Similarity Determination" (the "Agreement") was inadmissible in support of Plaintiff's motion because it was protected as an offer of compromise under Federal Rule of Evidence 408. The Agreement was a document drafted by Defendants' lawyers that was considered by the parties but never executed. The Agreement proposed to appoint an expert to determine whether or not the code used in the two software systems was substantially similar. The Agreement provided that if the expert determined the code was similar, an order of infringement against Defendants would be entered; if the expert determined the code was not similar, Plaintiff would dismiss the case with prejudice. The proposal also contained a provision that the losing party would pay the expert's expenses. Accordingly, the Agreement would have effectively settled the dispute and disposed of the case.

The key portion of the Agreement that is now at issue is one bullet point within the four page document. That portion of the Agreement indicates that two specific "modules" within the source would not be compared. *See* Agreement, found at Docket Entry # 50, Ex. 6, ¶ 3. The provision

4

states that the two modules are "similar" in both versions of the software because "it is a library of functions common to many Windows programs . . . used by AST in nearly ever[y] Windows program developed before, during, and since" the AUDIT Download Builder was written. *Id.* Plaintiff sought to use this alleged admission of Defendants, that two of the modules within the Titan EPG source code were "similar" to modules within the AUDIT Download Builder source code, to demonstrate that it is likely to succeed on the merits of the copyright infringement claim. Therefore, Plaintiff argued, the preliminary injunction should issue. As previously stated, Magistrate Judge Pepe concluded that the statement was not admissible under Federal Rule of Evidence 408 as an offer of compromise. Magistrate Judge Pepe therefore recommended that the preliminary injunction should not issue.

Again, the Court can assign no error to the magistrate judge's recommendation in this regard. Federal Rule of Evidence 408, in relevant part, prohibits the use of a "statement made in compromise negotiations regarding the claim," when "offered to prove liability for . . . a claim that was disputed. . . ." Fed. R. Evid. 408. Now, Plaintiff seeks to use the terms of the Agreement to demonstrate Defendants' liability for copyright infringement, arguing that Defendants' statement in the Agreement admits that the software contains copyrighted material. The Court agrees with Magistrate Judge Pepe that this statement should not be used in support of the preliminary injunction for several reasons.

First, the title, the terms, and the putative effects of the Agreement all indicate that this was an offer of compromise proposed by Defendants. The Agreement would have effectively settled the matter and disposed of the dispute. Therefore, the statement is the very type of evidence that Rule 408 seeks to preclude.

Second, Plaintiff's argument that the statement was "otherwise discoverable," and therefore not protected by Rule 408, is not persuasive. This exception was intended to "prevent a party from trying to immunize admissible information, such as a pre-existing document, through the pretense of disclosing it during compromise negotiations." *See* Fed. R. Evid. 408 advisory committee's notes (citing *Ramada Development Co. v. Rausch*, 644 F.2d 1097 (5th Cir. 1981)). In the present case, there is no evidence that the statement in question was placed in the Agreement for such a purpose. Therefore, the Agreement is not subject to the exception.

Additionally, Plaintiff has not demonstrated that the evidence in question, the statement contained in the Agreement, is "otherwise discoverable." Plaintiff is seeking to introduce the Defendants' compromise *statement* in which Defendants purportedly[1] admitted that the codes were similar. However, the relevant evidence that may be discoverable, and which could clearly support a claim of copyright infringement, is the *actual source codes* of the two software systems or an expert's opinion pertaining to the similarity of the two codes. Plaintiff's claim that the Defendants' alleged admission is otherwise discoverable has not been supported and does not support a finding that the statement falls under an exception of Federal Rule of Evidence 408. Accordingly, the Agreement will be excluded from consideration in support of the motion for preliminary injunction.

After recommending that the Agreement should not be considered with respect to Plaintiff's motion for preliminary injunction, Magistrate Judge Pepe concluded that the record was left "barren

---

[1]The Court uses the word "purportedly" because it acknowledges, without deciding, Defendants' contention that the statement is not an admission of copyright infringement on behalf of Defendants. Defendants argue that the statement, properly interpreted, amounts to a *denial* of copyright infringement because it indicates that the code in question are not "protectable elements" because they are files "automatically generated by the compiler" and from "a library of functions common to many Windows programs." *See* Def's Resp. to Pl's Mot. for Prelim. Inj., pp. 13-14 [docket entry #17].

6

of sufficient evidence from which the Court could determine that Plaintiff has a reasonable likelihood of success on the merits" for the purposes of the preliminary injunction. *See* Report and Recommendation, p. 13. After reviewing all the available information and conducting a de novo review, *see* Fed. R. Civ. P. 72, the Court agrees with Magistrate Judge Pepe's finding and will accept and adopt the report and recommendation in this regard. The motion for preliminary injunction will be denied.

Magistrate Judge Pepe's report and recommendation also contains an "Alternate Finding" as to the motion for a preliminary injunction. *See* Report and Recommendation, Part II.C (contained at pp. 14-24). In particular, the "Alternate Finding" of the report and recommendation was set forth as an alternative if the Court declined to adopt the conclusion that, pursuant to Federal Rule of Evidence 408, the Agreement should barred from use to prove liability. However, because the Court agrees that Rule 408 prohibits the use of the Agreement to prove liability, and therefore that the preliminary injunction should not issue at this time, the Court makes no findings whatsoever with respect to Part II.C of the report and recommendation. That portion of the report and recommendation will not be adopted.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiffs' objections [docket entry #50] to the report and recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** the Court **MAKES NO FINDINGS** with respect to Part II.C ("Alternate Findings on The Titan EPG Software") of the report and recommendation. **IT IS FURTHER ORDERED** that the remainder of the report and recommendation [docket entry #47] is **ACCEPTED AND ADOPTED** as the opinion and order of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction [docket

entry #12] seeking to (1) enjoin Defendants from using screen shots of AUDIT Down Load Builder, and (2) enjoin the sale and marketing of Titan EPG software, is **DENIED.**

**SO ORDERED.**

Dated:   March 28, 2008                                         s/Paul V. Gadola
                                                                HONORABLE PAUL V. GADOLA
                                                                UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   March 28, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:   Robert C. Brandenburg; Michael P. Doerr; Thomas A. Lewry; George D. Moustakas  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                      .

                                                                s/Ruth A. Brissaud
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845